## ALFORD v. ALFORD et al. *
### No. 956.

Court of Appeal of Louisiana. First Circuit.
May 3, 1932.

S. S. Reid, of Amite, for appellant.

Hypolite Mixon, of Amite, for appellees.

LE BLANC, J.

This is a petitory action involving the ownership of certain land in section 46, township 1 South, range 5 East, in the parish of St. Helena. Plaintiff's title is to a tract of seventy-six acres, but there are only five acres involved in this litigation. The petition also contains a demand for a personal

judgment against J. E. Alford, one of the defendants, for the sum of $180.68, the alleged value of a certain quantity of gravel which was taken and sold by him from a gravel pit on the property. The suit is directed against J. E. Alford and J. A. Easley who are declared to be in possession of the part of the property in controversy, without any title whatsoever.

The action might more appropriately have been one in boundary, as the solution of the issue of ownership presented depends on the location of an old road, referred to as the "Old Springfield Road," said to have been always recognized as the eastern boundary of the property.

The defendant Easley made no defense, and judgment went against him by default. J. E. Alford answered claiming title to the five acres by virtue of a deed from J. A. Easley, the other defendant, and M. A. Easley, both of whom he called in warranty.

The trial in the lower court resulted in a judgment in favor of plaintiff, decreeing him to be the owner of the whole tract of land as described in his title and deed, and against J. E. Alford in the sum of $180.68 for the value of the gravel which had been removed. There was judgment also in favor of J. E. Alford on his call in warranty, against J. A. and M. A. Easley, condemning them each to pay one-half of the amount of the moneyed judgment rendered against him. From the judgment against him, the defendant J. E. Alford has appealed.

Plaintiff's title is derived through several sales dating back to a deed executed on August 12, 1893, wherein Mrs. Martha Ann Easley, wife of John Allen Easley, sold back to her father, Burgess T. Young, 100 acres of land from a larger tract of 290 acres which she had acquired from her parents, December 9, 1890. In the deed from Mrs. Easley to her father, the 100 acres conveyed are identified as being the western portion of the larger tract of 290 acres "lying between the old Springfield Road and the river Tickfaw, said Springfield dirt road being the east boundary line of the parcel of land herein sold and transferred."

The identification here made permits of no doubt that the land comprised between the old Springfield road and the Tickfaw river were sold under that description, and the testimony to be considered in determining the issue presented in the case is that which has reference to the location, at the time of the sale, of the old Springfield road as forming the eastern boundary of the property. That testimony deals principally with the location of the old road, which it might be here said is no longer the road, as a new one has been projected by the Louisiana highway commission, in its relation to the gravel pit, which, as has already been stated, is on the five acres of land involved in the suit.

The oldest witness to testify, we believe, was Mr. Willie Burch, 72 years of age, who lived all of his life on the section above the property in dispute. He seems a bit confused at first, but later on in his testimony makes it very positive that the old Springfield road, the one he refers to as having been recognized as such before the Civil War, was east of the gravel pit. There was another road established, perhaps, as we gather from other testimony, from traffic marking new tracks during bad weather, when the old road became impassable, and which other road ran right through the gravel pit; but his testimony makes it clear that the original old Springfield road lay to the east of the pit. Other witnesses testify that the old road is still well marked, and that it is east of the five-acre tract on which the pit is situated. W. E. Alford, father of the defendant, J. E. Alford, and who was called by him as a witness, says that the old road was east of the gravel pit.

The testimony we believe is of a sufficiently convincing nature to warrant the finding that the five acres of land here in contest are within the boundary line of plaintiff's land claimed by him from his title. The evidence also establishes to our satisfaction that the gravel pit is altogether situated on the west side of that boundary line and is entirely embraced within plaintiff's title. The defendant's demand that, if he is liable at all for any of the gravel removed from the pit, he owes only for part of it is therefore without merit.

The amount paid by the Louisiana highway commission for the gravel taken from the pit is not disputed, and plaintiff is certainly entitled to recover it as it came from his property.

We think the lower court correctly disposed of the issues presented in the case, and the judgment is therefore affirmed.